KLEINFELD, Senior Circuit Judge,
concurring:
I concur in Judge Christen’s opinion.
My concurrence with regard to affirming the conviction on count 4 depends on a recent decision of our court that is mistaken. Count 4 charges mail fraud based on the notice of award that the Social Security Administration mailed to Eglash. It does not refer to any mailing that Eglash made or caused another to make, in the sense required by the mail fraud statute. I agree with Judge Christen that our decision in United States v. Brown[1] compels the result in this case. But Brown, I think, is a mistaken interpretation of the statute and the controlling Supreme Court case, Schmuck v. United States.[2] Since a three judge panel cannot correct mistaken circuit law,[3] we ought to rehear this case en banc to correct Brown’s error.
The mail fraud statute .criminalizes “placfing] in any post office ... any matter or thing to be sent or delivered” or “knowingly causing] to be delivered ... any such matter or thing.” The mailing has to be “for the purpose of executing” the fraudulent scheme.[4] That is a reasonably plain spoken way of saying that to commit the crime, the criminal has to put the thing in the mail or cause it to be mailed, and that the mailing has to be for “executing” the scheme. The word “executing” implies that the mailing has to be for the purpose of defrauding. That is, the thing mailed has to be an instrument accomplishing the fraud, not the fruit of the fraud.
And indeed, that is what Schmuck holds. Schmuck wholesaled used cars to used car dealers. He rolled back the odometers to make the price higher. What made Schmuck more debatable than the usual *888 mail fraud case was that the mailings were by Schmuck’s duped customers, the innocent used car dealers, not by Schmuck. They, not Schmuck, sent the state Department of Transportation applications for title showing the false odometer numbers.[5] This distinguished Schmuck from the more common case where the “causes to be delivered” statutory phrase means the criminal had an employee or associate put the envelope in the mail.
Our decision today, applying our decision in Brown, holds that Eglash was guilty of mail fraud based on the Social Security Administration’s mailing of the notice that the fraudulently obtained disability award had been granted. The explanation of the holding is that “the notice of award was the ‘golden ring’ in Eglash’s plot and ‘incident to an essential part of the scheme.’ ” That Brown analysis conflicts with Schmuck. Precisely because the disability award and notice of it were the fruit of Eglash’s fraud, the “golden ring” obtained thereby, the notice was not, as the statute requires, a means of “executing” the fraud.
In Schmuck, by contrast, the Court held that a “rational jury could have found that the title-registration mailings were part of the execution of the fraudulent scheme, a scheme which did not reach fruition until the retail dealers resold the cars and effected transfers of titles.”[6] (emphasis added) The state’s mailings in Schmuck were “incident to an essential part of the scheme” in the sense that perpetuation of the scheme, by which Schmuck overpriced many cars over a long period, depended on the retail dealers’ ability to get title transferred to the consumers.[7] The four justice dissent thought that even the Schmuck majority had gone too far in allowing the statute to be so used, because the Court had held in Kann v. United States[8] that it reached “only ‘those limited instances in which the use of the mails is a part of the execution of the fraud,’ ” and disagreed with the majority’s view that perpetuation of Schmuck’s scheme required that the dealers be lulled by successful transfers of title to their customers.[9] (emphasis in the original) Eglash’s conviction goes well beyond Schmuck’s, and renders the “executing” term in the statute meaningless.
The Court in Schmuck distinguished, and did not overrule, United States v. Maze.[10] Maze is still good law.[11] Maze, applying the Court’s earlier decision in Kann v. United States, held that the mailings must be “for the purpose of executing the scheme,” not when the scheme “had reached fruition.”[12] The notice of award the Social Security Administration mailed was precisely the fruit of Eglash’s fraud, obtained when his scheme “had reached fruition,” and not a mailing “for the purpose of executing ” [13] the obtaining of the undeserved disability award.[14] (emphasis added). Under Maze and Schmuck, *889 Eglash’s convictions on count 4 as well as count 6 ought to be vacated.
The Social Security Administration’s mailing of the notice of award to Eglash cannot be characterized as “part of the execution” of Eglash’s scheme. For the notice here to be analogous to the title in Schmuck, Eglash would have had to be in the business of preparing fraudulent disability claims, needing notices of award to sell his criminal services to others. Since the Social Security Administration mailed the notice of award, not Eglash, and the notice was the fruit of Eglash’s scheme, not a mailing sent for the purpose of defrauding the Social Security Administration, an element of the crime is missing in count 4.
Eglash was enough of a crook without counts 4 and 6 to make these two counts superfluous. The hardest part of this case to understand is why the government turned an easy and obvious conviction into a difficult appellate case and fractured opinion by overcharging him. Eglash was so plainly guilty of all the other counts, and probably would get the same sentence without counts 4 and 6, that charging him with mail fraud for mailings by the Social Security Administration that were not part of the execution of the scheme makes no practical sense. And if the jury had somehow acquitted him of the other counts, it is hard to imagine it nevertheless convicting him of counts 4 and 6. Eglash defrauded the Social Security Administration with a phony disability claim. The undeserved award was the fruit, not part of the execution, of his scheme. We ought to rehear this case en banc to correct our error in Brown that compels today’s error.

. 771 F.3d 1149, 1158 (9th Cir.2014).

. 489 U.S. 705, 712, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989).

. United States v. Gay, 967 F.2d 322, 327 (9th Cir.1992) (“as a general rule, one three-judge panel of this court cannot reconsider or overrule the decision of a prior panel”).

. 18 U.S.C. § 1341 (2012).

. Schmuck, 489 U.S. at 707, 109 S.Ct. 1443.

. Id. at 712, 109 S.Ct. 1443.

. Id.

. Kann v. United States, 323 U.S. 88, 65 S.Ct. 148, 89 L.Ed. 88 (1944).

. Schmuck, 489 U.S. at 723, 109 S.Ct. 1443 (Scalia, J. dissenting) (citing Kann, 323 U.S. at 95, 65 S.Ct. 148).

. 414 U.S. 395, 94 S.Ct. 645, 38 L.Ed.2d 603 (1974).

. See Schmuck, 489 U.S. at 714, 109 S.Ct. 1443.

. 414 U.S. at 400, 94 S.Ct. 645 (quoting Kann, 323 U.S. at 94, 65 S.Ct. 148).

. 18 U.S.C. § 1341.

. Id.